JOHN A. LEIGHTON

*v.*

T. CUMMINGS & CO.

EVIDENCE—*time of payment, when not material.* Where payment of a note sued on is claimed and testified to by the defendant, and denied by the party to whom it is said to have been paid, the date of the alleged payment is not material, and it is error to so instruct the jury, although the defendant testifies positively as to the time.

APPEAL from the Circuit Court of Knox county; the Hon. ARTHUR A. SMITH, Judge, presiding.

Mr. P. H. SANFORD, for the appellant.

Messrs. WILLIAMS, MCKENZIE & CALKINS, for the appellees.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a suit, commenced by T. Cummings & Co., before a justice of the peace, against John A. Leighton, J. N. Conger, Fred. Wyckoff and Oneida Exchange Bank, to recover money claimed to have been collected, or to be due on two promissory notes against said Leighton which had been sent by the plaintiffs to Oneida Exchange Bank for collection.

Oneida Exchange Bank was a private institution, of which J. N. Conger was sole proprietor.

Upon appeal to the circuit court, the plaintiffs recovered a verdict and judgment against the defendant, Leighton, the suit having been, before judgment, dismissed as to all the other defendants. The defendant, Leighton, appealed to this court.

There was evidence of the mailing of the notes to J. N. Conger, at Oneida, Knox county, Illinois, for collection. Conger, and one Murdock who was employed in the bank, testified that they did not receive the notes by due course of mail, and had no knowledge that they were ever received by any one at Oneida, and that they were not paid to them. Conger testified that there was a boy, Clarence Conger, in his bank, who often went to the post office for the mail, and that when he was away, Clarence Conger or Murdock, or whoever was there, got the mail and would open his correspondence, and admitting that he would be liable for the money due on the notes if Leighton had paid it to Clarence Conger. Defendant, Leighton, and another witness, testified that Leighton paid the notes to Clarence Conger in Oneida on the 4th day of October, 1873. Clarence Conger testified that Leighton did not pay the notes to him, and there was his and other testimony that he was in Chicago on October 4, 1873.

The court below instructed the jury to the effect that the time of the alleged payment to Clarence Conger on the 4th day of October, 1873, as testified to by Leighton, was material, and that if the proof showed that Clarence Conger was in Chicago on that day, so that the payment could not have been made to him at Oneida on that day as testified to by Leighton, then the jury should find for the plaintiffs. And an instruction on behalf of the defendant was refused, that if payment was made to Clarence Conger, the time of payment was not material, and that if payment was made by Leighton at any other day than October 4, 1873, the jury should find for the defendant.

This ruling of the court was wrong. The fact of payment was the material fact, and the time of payment was immate-

rial. The witnesses might have been mistaken as to the day of payment, although they did testify positively that it was on October 4, 1873; and if the jury believed, from the evidence, that the payment was in fact made, they should have been left at liberty to so find, and for the defendant, although they did not believe it was made on October 4, 1873, as testified.

Questions are raised upon such a joinder, as there was here, of different defendants in different causes of action, and in respect of challenges of jurors by some of the defendants against the will of others; but as they will not arise upon another trial, all the other defendants being dismissed from the suit, it is unnecessary to consider them.

The judgment is reversed and the cause remanded.

*Judgment reversed.*